**Opinion issued February 7, 2013**



In The

# Court of Appeals
### For The
# First District of Texas

_____

## NO. 01-09-00735-CV

_____

### WILLIAM DAVID GOLDEN, Appellant

### V.

### JANET SUE GOLDEN, Appellee

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2008-67084**

## MEMORANDUM OPINION

This is an appeal from a final decree of divorce signed May 12, 2009.

Appellant is currently incarcerated.  The appeal was originally dismissed for want

of jurisdiction and want of prosecution on December 31, 2009. After appellant filed a motion for rehearing, the appeal was reinstated on April 16, 2010. On December 9, 2010, this Court entered an order deeming appellant indigent for appellate costs and ordering that the district clerk and the court reporter file the complete record in the appeal without cost to the appellant.

After the record was filed, appellant filed a motion claiming that there were omissions and inaccuracies in the reporter's record. On April 12, 2011, this Court abated the appeal so that the trial court could determine whether the reporter's record was accurate, and to correct any omissions or inaccuracies in the reporter's record if they existed. *See* TEX. R. APP. P. 34.6(e). On September 23, 2011, the trial court conducted an oral hearing on the matter and found that there were no inaccuracies in the record. Subsequently, the appeal was reinstated on October 4, 2011, and, per prior order of this Court, appellant's brief was set due on November 3, 2011.

On December 8, 2011, appellant requested an extension of time to December 18, 2011 to file the brief. Appellant's extension request was granted, and this Court informed appellant that no further extensions would be granted absent extraordinary circumstances. Appellant did not file his brief, and on February 29, 2012, the Clerk of this Court notified appellant that his brief was late and that the appeal would be dismissed for want of prosecution if appellant did not file his brief or a motion to

extend time by March 20, 2012.

On March 14, 2012, appellant filed a petition for mandamus review of the trial court's determination that there were no inaccuracies in the record, which was docketed in this Court as appeal no. 01-12-00265-CV. At the same time, he filed in this appeal another motion for extension of time to file his brief, based on his claim that there were inaccuracies in the record. He filed a similar motion a month later, while the petition for writ of mandamus was still pending in 01-12-00265-CV. On April 30, 2012, this Court granted appellant an additional extension of time to file the brief and ordered that the brief by filed by June 1, 2012. Appellant was notified that no further extensions based on his claims that the record was inaccurate would be entertained because the trial court had determined that the record was accurate. On May 3, 2012, this Court denied appellant's petition for writ of mandamus. On May 16, 2012, appellant filed a motion for rehearing on the petition.

Subsequently, on June 1, 2012, appellant filed a motion requesting an extension of time to file the brief until after his motion for rehearing was ruled upon and, if necessary, after his petition for review of this Court's denial of his petition for writ of mandamus was resolved by the Texas Supreme Court. On June 21, 2012, this Court denied without opinion appellant's motion for rehearing on the petition for writ of mandamus. On June 29, 2012, this Court granted appellant's motion for

3

extension, and set the brief due at 30 days after the date the Supreme Court denied, dismissed, or otherwise disposed of appellant's petition for review in 01-12-00265-CV, or by August 5, 2012 if no petition was filed.

No petition was filed during the time specified by Texas Rule of Appellate Procedure 53.7, and on July 5, 2012, appellant requested an extension of time to file the brief to August 1, 2012, which was denied as moot, because appellant had already been granted an extension to August 5, 2012. On August 3, 2012, appellant filed a motion for extension of time to file the brief, claiming that he had not received a copy of the clerk's record in the appeal, and requesting additional documents be included in a supplemental clerk's record. On August 20, 2012, this Court ordered the Clerk of this Court to send a copy of the clerk's record to appellant, and ordered the district clerk to prepare a supplemental clerk's record containing the documents requested by appellant, and to send the record to this Court and to appellant within 15 days of the date of the order. The Clerk of this Court sent a copy of the clerk's record to appellant on September 5, 2012.

On October 4, 2012, appellant filed another motion for extension of time to file a brief, claiming that he had not received the supplemental record from the district clerk. On October 10, 2012, this Court again ordered the district clerk to file the supplemental record and send a copy to appellant within 10 days. The district

clerk filed the record on October 15, 2012. On November 7, 2012, appellant filed another motion for extension of time to file his brief, claiming that he had not received the supplemental record, and renewing his claim that the reporter's record was inaccurate. The district clerk informed the Clerk of this Court that the supplemental record was sent to the appellant the week of November 5, 2012. On November 13, 2012, this Court issued an order granting appellant an extension until December 4, 2012. Appellant was informed that due to the previous delays in the appeal, no further extensions would be granted.

On December 7, 2012, appellant filed another motion for extension of time to file a brief, based on the same claims that the record contained inaccuracies. This Court denied appellant's motion for extension, noted that appellant had been previously informed that no further extensions would be granted, and ordered appellant to file his brief within 20 days of the date of the order. Appellant was notified that failure to file the brief by the deadline would result in the dismissal of this appeal for want of prosecution without further notice. Instead of filing his brief by the final deadline of January 3, 2013, appellant filed yet another motion for extension of time to file his brief, continuing to claim that there are inaccuracies in the record, and claiming that the clerk's record contains inaccuracies related to the inaccuracies in the reporter's record. However, the trial court has already found

that no such inaccuracies exist. Appellant has been provided with the complete reporter's record in this appeal, as well as the complete clerk's record containing the items required by Texas Rule of Appellate Procedure 34.5(a), and the supplemental clerk's record requested by appellant.

After being ordered to file his brief and notified that this appeal would be dismissed if the brief was not filed, appellant has failed to comply with this Court's order and has failed to timely file a brief. *See* TEX. R. APP. P. 38.6(a) (governing time to file brief), 38.8(a) (governing failure of appellant to file brief); TEX. R. APP. P. 42.3(b) (allowing involuntary dismissal of case). We dismiss the appeal for want of prosecution for failure to timely file a brief. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

6